IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CORECO JA'QAN PEARSON, VIKKI TOWNSEND CONSIGLIO; GLORIA KAY GODWIN; JAMES KENNETH CARROLL; CAROLYN HALL FISHER; CATHLEEN ALSTON LATHAM; and BRIAN JAY VAN GUNDY,

    Plaintiffs,

v.

BRIAN KEMP; BRAD RAFFENSPERGER; DAVID J. WORLEY; REBECCA N. SULLIVAN; MATTHEW MASHBURN; and ANH LE,

    Defendants.

CIVIL ACTION FILE

NO. 1:20-cv-4809-TCB

**O R D E R**

Plaintiffs have filed an emergency motion [6] for temporary injunctive relief. In their motion, Plaintiffs seek an order directing Defendants to allow Plaintiffs' expert(s) to inspect the Dominion voting

machines in Cobb, Gwinnett, and Cherokee Counties. The Court conducted a Zoom hearing at 7:45 p.m. EST to consider Plaintiffs' motion.

During the hearing, Defendants' counsel argued that the secretary of state has no lawful authority over county election officials, citing *Jacobson v. Florida Secretary of State*, 974 F.3d 1236, 1256–58 (11th Cir. 2020). Plaintiffs' counsel responded that Plaintiffs could amend their complaint to add the elections officials in Cobb, Gwinnett, and Cherokee Counties, thus obviating the issue of whether the proper officials had been named as Defendants to this case.

Defendants' counsel also argued that allowing such forensic inspections would pose substantial security and proprietary/trade secret risks to Defendants. Plaintiffs' counsel responded that Defendants' concerns could be alleviated by an order from the Court (1) allowing Defendants' own expert(s) to participate in the requested inspections, which would be video-recorded, and (2) directing the experts to provide whatever information they obtain to the Court—and no one else—for an *in camera* inspection.

After considering the parties' email submissions today and the arguments advanced at the Zoom hearing, it is hereby ORDERED, ADJUDGED and DECREED as follows:

1.

Defendants shall have until Wednesday, December 2, at 5:00 p.m. EST, to file a brief setting forth in detail the factual bases they have, if any, against allowing the three forensic inspections. The brief should be accompanied and supported by affidavit or other evidence, if appropriate.

2.

Defendants are hereby ENJOINED and RESTRAINED from altering, destroying, or erasing, or allowing the alteration, destruction, or erasure of, any software or data on any Dominion voting machine in Cobb, Gwinnett, and Cherokee Counties.

3.

Defendants are ORDERED to promptly produce to Plaintiffs a copy of the contract between the State and Dominion.

4.

This temporary restraining order shall remain in effect for ten days, or until further order of the Court, whichever comes first.

IT IS SO ORDERED this 29th day of November, 2020, at 10:10 p.m. EST.

_____
Timothy C. Batten, Sr.
United States District Judge