IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| CORECO JA'QAN PEARSON, VIKKI TOWNSEND CONSIGLIO; GLORIA KAY GODWIN; JAMES KENNETH CARROLL; CAROLYN HALL FISHER; CATHLEEN ALSTON LATHAM; and BRIAN JAY VAN GUNDY, <br><br> Plaintiffs, <br><br> v. <br><br> BRIAN KEMP; BRAD RAFFENSPERGER; DAVID J. WORLEY; REBECCA N. SULLIVAN; MATTHEW MASHBURN; and ANH LE, <br><br> Defendants. | CIVIL ACTION FILE <br><br> NO. 1:20-cv-4809-TCB |

**O R D E R**

On November 29, the Court entered an order [14] granting modest injunctive relief in order to preserve the status quo. This afternoon, Plaintiffs filed a notice of appeal [32] with respect to that order.

However, this Court's November 29 order is a temporary restraining order, not a preliminary injunction because, inter alia, it is of a limited duration—ten days.[1] And generally, temporary restraining orders are not directly appealable. *See, e.g., Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc.,* 14 F.3d 1507, 1515 (11th Cir. 1994). Although Plaintiffs cite *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225 (11th Cir. 2005), in their notice of appeal, this Court is of the opinion that its November 29 order is not within the scope of *Schiavo*'s exception to the unappealable nature of a temporary restraining order.

Plaintiffs' notice of appeal states that it divests this Court of jurisdiction. If the circuit court disagrees with Plaintiffs, it will dismiss their appeal, whereupon this Court will probably need to reschedule the hearing presently set for Friday, December 4 (since the parties' briefs, due tomorrow and Thursday, probably will have not been filed). Any delay in conducting the hearing on the claims in Plaintiffs' complaint

---

[1] Moreover, the scope of relief sought in Plaintiffs' motion [6] for emergency relief is narrower than the scope of Plaintiffs' complaint.

would be attributable to Plaintiffs—not this Court—since Plaintiffs are the ones who filed the notice of appeal.[2]

Accordingly, the scheduling order [17] docketed November 30 is hereby stayed, subject to further order of the Court if Plaintiffs' appeal is dismissed.

IT IS SO ORDERED this 1st day of December, 2020.

_____
Timothy C. Batten, Sr.
United States District Judge

---

[2] The Court's November 30 order [22] certifying the November 29 order for immediate appellate review pursuant to 28 U.S.C.A. § 1292(b) does not render the November 29 order directly appealable. This is because the court of appeals has not, as of this time, granted Plaintiffs permission to appeal.