IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14480-RR

_____

CORECO JA'QAN PEARSON,
VIKKI TOWNSEND CONSIGLIO,
GLORIA KAY GODWIN,
JAMES KENNETH CARROLL,
CAROLYN HALL FISHER,
CATHLEEN ALSTON LATHAM,
BRIAN JAY VAN GUNDY,

                                                                        Plaintiffs - Appellants,

versus

GOVERNOR OF THE STATE OF GEORGIA,
in his official capacity,
SECRETARY OF STATE FOR THE STATE OF GEORGIA,
in his official capacity as Secretary of State and
Chair of the Georgia State Election Board,
DAVID J. WORLEY,
in his official capacity as a member of the Georgia
State Election Board,
REBECCA N. SULLIVAN,
in her official capacity as a member of the Georgia
State Election Board,
MATTHEW MASHBURN,
in his official capacity as a member of the Georgia
State Election Board,
ANH LE,
in her official capacity as a member of the Georgia
State Election Board,

                                                                        Defendants - Appellees.

_____

On Appeal from the United States
District Court for the Northern District of Georgia

_____

ORDER:

Appellants' "Emergency Motion for Expedited Briefing Schedule and Review" is GRANTED as follows:

The Appellants' initial brief is due by midnight tonight, December 2, 2020, with an appendix due on December 3, 2020. The Appellees' response brief is due by midnight on December 4, 2020. Appellants' reply brief, if any, is due by midnight on December 6, 2020.

The Court also issues the attached Jurisdictional Question. The parties' responses to the Jurisdictional Question are due December 3, 2020. For the purposes of the briefing schedule, the postponement provision of 11th Cir. R. 31-1(d) ("Unless otherwise ordered by the court, the due date for filing appellee's or appellee-cross-appellant's brief shall be postponed until the court determines that the appeal or cross-appeal shall proceed or directs the parties to address the jurisdictional question(s) in their briefs on the merits.") is suspended.

DAVID J. SMITH<br>
Clerk of the United States Court of<br>
Appeals for the Eleventh Circuit

ENTERED FOR THE COURT – BY DIRECTION

No. 20-14480

# JURISDICTIONAL QUESTION

Please address whether, or the extent to which, the district court's November 29, 2020, order is immediately appealable. *See* 28 U.S.C. § 1292(a)(1) (granting the courts of appeals jurisdiction over interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions"); *AT&T Broadband v. Tech Commc'ns, Inc.*, 381 F.3d 1309, 1314 (11th Cir. 2004) (a temporary restraining order ("TRO") ruling may be appealable as an interlocutory injunction order when "three conditions are satisfied: (1) the duration of the relief sought or granted exceeds that allowed by a TRO ([14] days), (2) the notice and hearing sought or afforded suggest that the relief sought was a preliminary injunction, and (3) the requested relief seeks to change the status quo"); *see also Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225 (11th Cir. 2005) ("[W]hen a grant or denial of a [TRO] might have a serious, perhaps irreparable, consequence, and can be effectually challenged only by immediate appeal, we may exercise appellate jurisdiction." (quotation marks omitted)); *Ingram v. Ault*, 50 F.3d 898, 899–900 (11th Cir. 1995) ("TRO rulings, however, are subject to appeal as interlocutory injunction orders if the appellant can disprove the general presumption that no irreparable harm exists."); *McDougald v. Jenson*, 786 F.2d 1465, 1473 (11th Cir. 1986) ("[I]t has been suggested that if the TRO goes beyond simply preserving the opportunity to grant affirmative relief and actually grants affirmative relief, an appeal may be taken." (quotation marks omitted)).