# Exhibit 2
*Declaration of Kristi Royston*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CORECO JAQ'AN PEARSON, VIKKI TOWNSEND CONSIGLIO, GLORIA K. GODWIN, JAMES K. CARROLL, CAROLYN H. FISHER, CATHLEEN A. LATHAM AND BRIAN J. VAN GUNDY,<br><br>*Plaintiffs*,<br><br>v.<br><br>BRIAN KEMP, BRAD RAFFENSPERGER, DAVID J. WORLEY, REBECCA N. SULLIVAN, MATTHEWS MASHBURN AND ANH LE,<br><br>*Defendants*. | CIVIL ACTION FILE NO. 1:20-cv-04809-TCB |

## **DECLARATION OF KRISTI ROYSTON**

Pursuant to 28 U.S.C. § 1746, I, Kristi Royston, make the following declaration:

1.

My name is Kristi L. Royston. I am over the age of 21 years, and I am under no legal disability that would prevent me from giving this declaration. I am giving this declaration based on my personal knowledge.

1

2.

I am the Elections Supervisor for the Board of Voter Registrations and Elections in Gwinnett County. I was appointed as Elections Supervisor in September 2019. Prior to being appointed the Elections Supervisor, I was the Assistant Elections Supervisor for nine years. I have worked in the field of voter registration and elections for more than 20 years, including time as the Elections Supervisor in Barrow County, in the Athens-Clarke County Elections and Registration Office, and in the Secretary of State's Elections Division.

3.

The Voter Registration**s** and Elections Division has a professional staff, which ranges in size between 20-24 full-time employees and a number of temporary employees, as needed.  It oversees the equipment needs for Gwinnett County's 156 voting precincts including testing and delivery for Ballot-Marking Devices ("BMDs") to the 156 precincts for Election Day and for Advanced In Person ("AIP") voting at the main office in Lawrenceville and at eight locations around the County. All of the work associated with preparing for elections is done by full-time or temporary staff.

4.

On November 30, 2020, I became aware of a temporary restraining order issued in the above-styled case that impacts Gwinnett and two other counties.

5.

The temporary restraining order has grave and serious consequences. It is preventing the Gwinnett County Board of Voter Registrations and Elections ("GCBORE") from beginning its required preparation for the AIP voting for the January 5 runoff elections for two United States Senate seats. AIP is required by law to begin on December 14, 2020 and run for three weeks.

6.

Gwinnett County has established and advertised an AIP schedule that provides for nine locations. The GCBORE's main office in Lawrenceville from 8:00AM to 5:00PM and eight other locations from 7:00AM to 7:00PM including Saturdays and Sundays from December 14 until December 31 excluding Christmas Eve and Christmas Day.

7.

Hundreds of pieces of voting equipment are needed for deployment in time to begin AIP in December.

8.

By state law and State Election Board rules, the GCBORE must conduct Logic and Accuracy ("L & A") testing on all voting equipment prior to the deployment of such equipment for use.

9.

Testing for the equipment to be used for AIP was scheduled to start on December 3, 2020. The TRO has caused that process to be placed on hold.

10.

Unless L & A testing begins this week, it will not be possible to timely execute all of the tasks necessary to facilitate the opening of AIP in the County for what is anticipated to be a high turnout runoff election. During the General Election, the majority of voters who voted in person cast their votes during the three-week AIP voting period.

11.

There are 581,467 registered voters in Gwinnett County. 71.62% of those voters voted in the last election. Of the 414,192 votes in the Presidential race, 216,885 of those votes were cast during AIP compared with 72,888 votes cast on Election Day.

12.

Our typical approach to L & A testing is to first test the equipment to be used for AIP, and thereafter begin testing the more than 3,000 pieces of equipment that will be deployed to the County's 156 precincts for Election Day.

13.

The continuance of the TRO places all of that essential work in jeopardy and will inevitably lead to widespread disruption to AIP and Election Day voting.

14.

To operate AIP in the typical fashion, we need 144 Ballot Marking Devices, 72 Poll Pad units and 38 Image Cast Precinct units a.k.a. ballot scanners. The TRO has made it impossible to use all of the equipment we need to operate.

15.

Our office is currently exploring contingency plans for AIP. Specifically, there are a small number of BMDs and scanners on hand that were not used during the November 3 General Election. Using that available equipment, we could conduct L & A testing on that limited amount of equipment. However, that equipment will only allow for one AIP location to be open.

16.

Specifically, AIP voting would be limited to the main office only if this TRO remains in place.

17.

The limited access that a single AIP location at the main office would provide is less than adequate access.

18.

It is far less access than what the citizens of the County have come to deserve. Long lines would be inevitable. Long lines in the midst of the COVID-19 pandemic which gets worse by the day, places public health at greater risk.

19.

The impact of this TRO is that it creates a significant impediment on the exercise of the right to vote.

20.

I am required to be away from the office for personal reasons and I am unavailable to use a wet signature, so I have signed the Declaration with an electronic signature.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 3rd day of December, 2020.

                                                        <u>s/Kristi. L. Royston</u>
                                                       Kristi L. Royston